**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | |
|---|---|
| YESICA NOHEMI PASTOR MATUL,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, et al.,<br><br>Respondents. | Case No. 26-cv-3556-SRB |

**ORDER**

Before the Court is Petitioner Yesica Nohemi Pastor Matul's ("Petitioner") Petition for Writ of Habeas Corpus. (Doc. #1.) As set forth below, the Court GRANTS the Petition.

## I. FACTUAL BACKGROUND

Petitioner is a citizen of Guatemala who entered the United States in 2014. Petitioner was initially detained by Respondents at the border, but Petitioner was released on her own recognizance. Petitioner was permitted to remain released while her asylum proceedings were pending.

Between 2014 and August 2026, Petitioner complied with the terms of her release as set by Immigration and Customs Enforcement ("ICE"). On August 3, 2026, Petitioner was arrested at her home and then placed into the custody of ICE. Respondents did not explain why they re-detained Petitioner, and did not provide her an opportunity to contest her re-detention. Petitioner is currently detained by Respondents at the Greene County Jail in Springfield, Missouri.

On September 4, 2026, Petitioner filed the pending Petition. Petitioner alleges her re-detention violates her due process rights. The Petition asserts two claims: Count I—Violation of the Fifth Amendment Due Process Clause–Unlawful Re-Detention Without Process; and Count

II—Violation of the Fifth Amendment Due Process Clause–Failure to Provide Custody Review. Petitioner requests that she be released immediately, or in the alternative, requests a bond hearing.

Respondents filed an opposition to the Petition, and Petitioner filed a reply brief. The parties' arguments are addressed below.

**II. DISCUSSION**

Respondents argue "[t]hat [Petitioner] is being properly detained by ICE pursuant to Section 1225(b)(2)(A) was confirmed by the Eighth Circuit in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026)." (Doc. #9, p. 2.) However, *Avila* did not resolve whether detention without any opportunity for release, or an individualized determination, complies with the due process requirements in the Fifth Amendment. The Court finds that *Avila* is not dispositive of the issues presented in this case and further finds that Respondents' continued detention of Petitioner violates procedural due process under *Mathews v. Eldridge*, 424 U.S. 31 9, 335 (1976).

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "Due process is flexible . . . [and] calls for such procedural protections as the particular situation demands." *Jennings v. Rodriguez*, 583 U.S. 281, 312-315 (2018). To determine whether a civil detention violates a detainee's due process rights, courts apply the three-part balancing test set forth in *Mathews v. Eldridge*, 424 U.S. at 335. Courts must consider the following factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Id.*

Here, the first *Mathews* factor weighs in favor of Petitioner. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690; *see also Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action"). Petitioner has resided in the United States for over 10 years. The Court agrees with Petitioner that her "compliance with all [previous] conditions of [her] release created an interest in [her] continued liberty." (Doc. #10, p. 4.) Petitioner further states that she "is currently pregnant with her fourth U.S. citizen child." (Doc. 10, p. 5.) The Court finds that Petitioner has a strong liberty interest in her freedom and against further detention.

The second *Mathews* factor, the risk of erroneous deprivation, also weighs in favor of Petitioner. "The regulations authorizing ICE to release a noncitizen from custody require that the noncitizen 'demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding.'" *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). Here, from 2014 to 2026, Petitioner complied with the terms of her release. During that time, it appears that Petitioner has only one charge in her criminal history.[1] Respondents have not shown that Petitioner is a flight risk or a danger to the community. In addition, the record does not show that Respondents informed Petitioner of the reasons for her re-detention, and does not show that Respondents provided her an opportunity to contest her re-detention. For these reasons, the second factor weighs in favor of Petitioner.

[1] Respondents state that Petitioner was arrested at her home and charged with animal abuse and neglect.

Under the third *Mathews* factor, even a weighty private interest must be balanced against the government's interest. Respondents have a generalized interest in ensuring noncitizens appear for their removal hearings and do not pose a risk to the communities in which they live. But this interest is not served by detaining a noncitizen who has a minimal criminal history and has not been shown to present a danger or a flight risk. Thus, the third factor weighs in favor of Petitioner.

The Court finds that the proper remedy for the violation of Petitioner's due process rights is immediate release from custody. Based on the significant weight of the liberty interests at stake and the fact that Petitioner has been detained for over one month, the Court concludes that immediate release is appropriate. *See Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025) (ordering immediate release from custody after determining that the petitioner's continued detention violated procedural due process).

**III. CONCLUSION**

Based on the above, and on the full record before the Court, IT IS HEREBY ORDERED THAT:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. #1) is GRANTED.
2. Respondents shall immediately release Petitioner, but no later than 48 hours from the date of this Order.
3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of her impending release and include the location of her release and approximate release time.

4. When Petitioner is released, Respondents must return to her any property, personal effects, and documents that they have taken from her, including identity documents, foreign issued identity documents, and immigration documents.
5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release.
6. Respondents shall confirm Petitioner's release with the Court within 72 hours from the date of this Order.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2026